# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL HOUSE OF PANCAKES, INC., and IHOP PROPERTIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SUHEIL A. AJAJ, <br><br> Defendant. | CAUSE NO. 07 C 0496 <br><br> Judge Shadur <br><br> Magistrate Judge Valdez |

## MOTION FOR ENTRY OF JUDGMENT
## PURSUANT TO AGREED STIPULATION

Plaintiffs, International House of Pancakes, Inc. and IHOP Properties, Inc. (collectively "IHOP") hereby move this Court for entry of judgment pursuant to a stipulation by agreement with Defendant Suheil A. Ajaj. In support of this Motion, IHOP states as follows:

1. IHOP is a national restaurant franchisor. Defendants are franchisees of IHOP and operate three IHOP restaurants in Nebraska.

2. Defendant breached his Franchise Agreement and related franchise documents with IHOP. As a result, IHOP terminated his franchises and brought suit for breach of contract.

3. IHOP and Defendant have reached a settlement of the dispute. IHOP is willing to allow Defendant to continue to operate his IHOP restaurant as long as he meets his franchise obligations going forward and pay IHOP back for his outstanding obligations, pursuant to a certain payment schedule. The parties have entered into a Stipulation for Entry of Judgment providing for a judgment to be entered in this lawsuit in accordance with the terms of their settlement. A copy of the Stipulation for Entry of Judgment is attached hereto as Exhibit A. If

Defendant fails to meet his obligations under the Stipulation, then his rights to operate an IHOP franchise will be terminated and IHOP can enforce the judgment, pursue collection on any amounts owed, and immediately recover possession of the restaurant premises, which Defendant subleases from IHOP.

5. The parties have prepared a draft judgment for the Court to enter in accordance with the Stipulation for Entry of Judgment. A draft judgment is attached hereto as Exhibit B.

WHEREFORE, Plaintiffs, International House of Pancakes, Inc. and IHOP Properties, Inc. and Defendant Suheil A. Ajaj, pursuant to their Stipulation for Entry of Judgment, request that the Court enter judgment in this matter in accordance with the terms of the Stipulation as set forth in the form of the judgment attached hereto.

Respectfully Submitted,

INTERNATIONAL HOUSE OF
PANCAKES, INC. and IHOP PROPERTIES, INC.

By: _____
One of its Attorneys

Marc S. Silver (ARDC No. 6238105)
Barnes & Thornburg LLP
1 North Wacker Dr., Ste 4400
Chicago, Illinois 60606
Phone: (312) 357-1313

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| INTERNATIONAL HOUSE OF PANCAKES, INC., and IHOP PROPERTIES, INC., | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | CAUSE NO. 07 C 0496 |
| v. | ) ) ) | Judge Shadur |
| SUHEIL A. AJAJ, | ) ) | Magistrate Judge Valdez |
| Defendant. | ) ) ) | |

## STIPULATION FOR ENTRY OF JUDGMENT

This Stipulation for Entry of Judgment ("Stipulation") is entered into by and between Plaintiffs, International House of Pancakes, Inc. and IHOP Properties, Inc. (collectively, "IHOP") and Defendant Suheil A. Ajaj ("Ajaj") in view of and based upon the following recitals:

## RECITALS

A. The Complaint alleges that Defendant is wrongfully in possession of real property located in Cook County commonly known as 20900 Cicero Avenue, Matteson, Illinois 60443 (the "Premises"), that Defendant is liable for unpaid rental and other obligations under the March 27, 2002 Franchise Agreement, Sublease, and Equipment Lease, all of which terminated as a result of Defendant's failure to cure defaults after receipt of proper notice, that the Sublease has been forfeited, and that Plaintiff is entitled to restitution of the Premises from Defendant.

B. The parties hereto wish to resolve this lawsuit by entering into this Stipulation.

## STIPULATION

1. Plaintiff shall have judgment against Defendant for possession of the Premises and the sum of $134,647.98 for rent and other charges owing pursuant to the Franchise Agreement, Sublease and Equipment Lease, as of the week ended December 10, 2006. Interest shall accrue on all of Defendant's past due and unpaid rental and other monetary obligations at the rate of Ten Percent (10%), per annum. Defendant shall also pay IHOP's attorney's fees and costs related to this Lawsuit and such sums shall be included within Defendant's financial obligations. Judgment in accordance with the terms hereof, in the form attached hereto as Exhibit 1 (the "Judgment"), shall be entered immediately. Any judge of the above-captioned Court shall be and is hereby authorized to enter the Judgment without notice or hearing.

2. Execution on the Judgment shall be stayed, provided that each and every of the following requirements is timely met:

(a) Defendant is required to fully perform all obligations described in the Franchise Agreement, Sublease and Equipment Lease, including timely written reporting of sales and making payment to Plaintiff of amounts owed by no later than Friday following the week ending;

(b) Defendant is required to complete the remodel of the International House of Pancakes restaurant located at the Premises, in accordance with the requirements set forth in the franchise documents (including Paragraph 4.03 of the Franchise Agreement), by no later than May of 2007 (the "Remodel");

(c) On or before January 26, 2007, Defendant shall pay IHOP the sum of Twenty Five Thousand Dollars ($25,000.00). This payment shall be held in escrow by IHOP and shall be used to fund, in part, the Remodel.

(d) In addition to all of Defendant's monetary obligations under the Franchise Agreement, Sublease and Equipment Lease, Defendant shall also pay IHOP the sum of Two Thousand Dollars ($2,000.00) per week to reduce the amount of Defendant's past due and unpaid rental and other obligations and to reserve further funds for the Remodel. The weekly payments shall due to be paid to IHOP on or before the first day of every month, beginning on January 12, 2007 and continuing thereafter until all of Defendant's past due and unpaid rental and other obligations are satisfied. For the payments for the first six (6) months, from January 12, 2007 through June 29, 2007, each $2,000.00 payment shall be divided such that $1,000.00 shall be applied to reduce Defendant's past due and unpaid rental and other monetary obligations, and the remaining $1,000.00 shall be held in escrow by IHOP and shall be used to fund, in part, the Remodel.

3. Defendant is being given one last chance to perform and thereby cure the past defaults. Time is of the essence, and timely performance by Defendant is mandatory. In the event that Defendant defaults under this Stipulation, Plaintiff shall give written notice to Defendant by overnight delivery sent to International House of Pancakes #5413, 20900 Cicero Avenue, Matteson, Illinois 60443. Defendant shall have seven calendar days after delivery of the notice within which to cure the default. If the default is not cured within said seven calendar days, Plaintiff shall thereafter be entitled, without additional notice to Defendant, to execute forthwith on the Judgment.

4. In the event of a default of this Stipulation that is not timely cured by Defendant, the Franchise Agreement, Sublease and Equipment Lease are all immediately terminated. Defendant shall thereafter have no right to occupy the Premises or to operate an International House of Pancakes Restaurant. IHOP shall have the right to immediate possession of the Premises pursuant to the Judgment without further order of this Court and Defendant hereby agrees to immediately vacate the Premises peaceably. Should Defendant fail to immediately vacate the Premises, IHOP shall be entitled to seek immediate relief from the Court without notice to Defendant and IHOP shall be entitled to recover its attorneys' fees and costs to obtain possession.

5. Notwithstanding the provisions of Paragraph 3, if Defendant should default three times or more under this Stipulation, then Defendant shall no longer be entitled to receive a written notice of default and shall no longer have any opportunity to cure such further default, and Plaintiff shall thereafter be entitled, without additional notice to Defendant, to execute forthwith on the Judgment.

6. In the event that Defendant fully and timely performs under this Stipulation including without limitation by fully and timely performing all current obligations and bringing his past due balance current and completing a remodel of the International House of Pancakes restaurant located at the Premises, then IHOP shall, in the absence of any new defaults by Defendant, cause to be executed and filed with the Court an Acknowledgment of Full Satisfaction of Judgment.

7. Defendant, on behalf of himself and his officers, directors, employees, agents, affiliates, principals, stockholders, partners, representatives, attorneys, predecessors, and successors, as applicable, hereby releases IHOP and its officers, directors, employees,

agents, affiliates, principals, stockholders, partners, representatives, attorneys, predecessors, and successors, as applicable, from any and all claims, whether known or unknown, suspected or unsuspected, relating to any claim concerning the Franchise Agreement, Sublease, Equipment Lease and/or the Premises.

    8.    Defendant hereby waives the benefits of Section 1542 of the California Civil Code, or any similar statutory provision, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE WHICH, IF KNOWN BY HIM, MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Notwithstanding Section 1542, this Agreement releases all claims described in Paragraph 6, whether known or unknown, foreseen, unforeseen, patent or latent, which Defendant has as of the date hereof, and this release shall act as a release of future claims that may arise from acts arising prior to the date hereof, whether such claims are currently known, unknown, foreseen or unforeseen. Defendant understands and acknowledges the significance and consequence of such specific waiver of Section 1542 and hereby assumes full responsibility for such waiver.

    9.    Defendant hereby expressly waives any right to appeal from the Judgment or to attack the Judgment, whether directly or collaterally.

International House of Pancakes, Inc. and
IHOP Properties, Inc.

_____
By its Attorneys

Marc S. Silver
Barnes & Thornburg
One North Wacker Drive, Suite 4400
Chicago, Illinois
Telephone: (312) 357-1313
Facsimile: (317) 759-5649

Attorney for Plaintiffs

_____
Suheil A. Ajaj

SUBSCRIBED AND SWORN TO
before me this 24th day of January, 2007
_____
Notary Public

"OFFICIAL SEAL"
Luanne B. Redmond
Notary Public, State of Illinois
My Commission Exp. 09/11/2009

# EXHIBIT B

N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INTERNATIONAL HOUSE OF )
PANCAKES, INC., and )
IHOP PROPERTIES, INC., )
)
        Plaintiffs, ) CAUSE NO. 07 C 0496
)
v. ) Judge Shadur
)
SUHEIL A. AJAJ, ) Magistrate Judge Valdez
)
        Defendant. )
)

## JUDGMENT PURSUANT TO STIPULATION

Pursuant to and in accordance with the Stipulation for Entry of Judgment executed by the parties to this action, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Plaintiffs, International House of Pancakes, Inc. and IHOP Properties, Inc. (collectively, "IHOP") shall be entitled to judgment in IHOP's favor and against Defendant Suheil A. Ajaj on IHOP's Complaint for Breach of Contract;

2. Defendant's franchise for the operation of an IHOP restaurants located at 20900 Cicero Avenue, Matteson, Illinois 60443, known as IHOP No. 5412 (the "Premises") is terminated by Plaintiff, because of Defendant's defaults under the Franchise Agreements between Plaintiff as franchisor and Defendant as franchisee for the Premises;

3. IHOP shall recover from Defendant immediate possession of the Premises;

4. Defendant, his agents and employees and all those acting in concert with them, are enjoined from continuing to operate IHOP restaurants at the Premises and shall vacate the Premises immediately;

5. IHOP is entitled to specific performance of the following provision in Paragraph 8.09 of the Franchise Agreement:

> "Upon the expiration or termination of this Agreement for any reason, Franchisee shall deliver and surrender up to Franchisor or its Affiliate any and all manuals, Bulletins, instruction sheets, forms, marks, devices, Trademarks, and the possession of any physical objects bearing or containing any of said Trademarks, and shall not thereafter use any of the same or any such Trademarks or Trade Secrets; . . ."

6. IHOP shall recover from Defendant the sum of $134,647.98 for rent and other charges owing pursuant to the Franchise Agreement, Sublease and Equipment Lease, as of the week ended December 10, 2006, plus all additional monetary obligations due and owing under the Franchise Agreement, Sublease and Equipment Lease. Interest shall accrue on all amounts owed by Defendant to IHOP at the rate of Ten Percent (10%), per annum;

7. Defendant shall also pay IHOP's attorney's fees and costs related to this Lawsuit, including any amounts to enforce the Stipulation for Entry of Judgment;

Entered: _____